Case 4:19-cv-04536   Document 16   Filed on 05/15/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 15, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNNEECE ROONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-4536 |
| | § | |
| COSTCO WHOLESALE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Pending before the court[1] is Plaintiff's Motion for Leave to Amend (Doc. 13). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the motion is **DENIED**.

### I. Case Background

**A. Factual Background**

Plaintiff alleges that on October 31, 2017, while walking into Defendant Costco Wholesale Corporation's ("Costco") business premises at 1150 Bunker Hill Road in Houston, Texas, she slipped and fell on the covered concrete apron leading to the store's entrance.[2] Plaintiff complains that she was not warned of the dangerous condition of the wet, unevenly textured surface.[3] She avers that she suffered serious bodily injuries as a result of the

---

[1] The parties consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). See Doc. 9, Ord. Dated Feb. 4, 2020.

[2] See Doc. 1-1, Ex. A to Def.'s Not. of Removal, Pl.'s Orig. Pet. p. 3.

[3] See id.

fall and brings claims of negligence, premises liability and gross negligence against Costco.[4]

## B. Procedural Background

Plaintiff filed this lawsuit in state court on October 29, 2019, alleging that Costco had ownership and/or management of the business premises and was responsible for failing to warn Plaintiff of the dangerous condition.[5] On October 30, 2019, Costco was served with process. Costco removed the lawsuit to this court on the basis of diversity jurisdiction on November 19, 2019.[6]

On February 5, 2020, the court entered a scheduling order setting May 8, 2020, as the deadline for amended pleadings and October 23, 2020, as the discovery deadline.[7]

On April 17, 2020, Plaintiff filed the pending motion for leave to amend, seeking to add as defendants four non-diverse parties and to remand the action to state court.[8] Plaintiff alleges that as the owners of the real property on which the Costco store was built, joinder of these parties is required "for maximum

---

[4]  See id. pp. 3-5.

[5]  See Doc. 1-1, Ex. A to Defs.' Not. of Removal, Pl.'s Orig. Pet. p. 3.

[6]  See Doc. 1, Def.'s Not. of Removal. It is undisputed that Plaintiff is a citizen of Texas and that Costco is a citizen of Washington. Plaintiff's counsel verified prior to removal that Plaintiff sought in excess of $75,000. See id. at p. 3.

[7]  See Doc. 10, Scheduling Ord.

[8]  See Doc. 13, Pl.'s Mot. for Leave to Amend. The parties are Smithco, Jim R. Smith, Jr., Jim R. Smith Sr., and Matt Strange.

prosecution" of Plaintiff's claims.[9]  Costco opposes the amendment on the ground that addition of the these parties is futile because the non-diverse parties had no control over the business premises at the time of the slip-and-fall and because limitations has run.

## II. Analysis

In Texas, the statute of limitations for tort claims is two years.  See Tex. Civ. Prac. & Rem. Code § 16.002.  The two-year limitation period for Plaintiff's slip and fall injury ended on or about October 31, 2019, without the non-diverse parties being named in the lawsuit.  Plaintiff seeks to add the non-diverse parties and argues that the proposed amendment relates back to the filing of this suit for purposes of limitations.  The Federal Rules of Civil Procedure generally permit liberal amendment of pleadings.  See Fed. R. Civ. P. 15(a)(2).  However, it is within the discretion of the court to deny a motion to amend if the amendment would be futile.  See Legate v. Livingston, 822 F.3d 207, 211 (5th Cir. 2016).

Federal Rule of Civil Procedure ("Rule") 15(c) governs whether an amendment to a complaint relates back to the filing date of an earlier complaint, for the purposes of the statute of limitations. Rule 15(c) is meant to "correct a mistake concerning the identity of the party."  Winzer v. Kaufman County, 916 F.3d 464, 470 (5th Cir. 2019)(quoting Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir.

---

[9]   See id. p. 5.

3

1998)).  Rule 15(c)(1)(A) provides that an amendment to a pleading relates back to the date of the original pleading when the applicable limitations statute allows relation back.  This section is not applicable here.[10]

Rule 15(c)(1)(B) allows relation back when the amendment asserts a claim "that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."  This section is met because Plaintiff seeks to bring the same premises liability claims asserted against Costco against the non-diverse parties. However, Plaintiff must also satisfy the Rule 15(c)(1)(C) criteria.

Rule 15(c)(1)(C) permits a party to be added and allows the claims to relate back to when they were filed under the following circumstances:

> [a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[10] In fact, Texas law does not allow relation back for limitations purposes for a newly added defendant except in cases of misnomer or misidentification.  See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey, 332 S.W.3d 395, 400-01 (Tex. 2011).  Here, misnomer and misidentification are not alleged as reasons for the amendment.

4

Plaintiff did not amend her pleading within the Rule 4(m) period and failed to allege that the four non-diverse parties received notice of the action during the Rule 4(m) time period or that they should have known that they were intended parties but for a mistake concerning their identity.  In Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 549 (2010), the Supreme Court stated, "The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him."

Rule 15(c) notice may be inferred to the new defendant if he is "so closely related in his business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Jacobsen, 133 F.3d at 320 (quoting Kirk v. Cronvich, 629 F.2d 404, 408 n.4 (5th Cir. 1980)).  Here, Plaintiff fails to allege that the non-diverse parties are so closely related to the management and control of the Costco premises that they were on notice of the wet surface on October 31, 2017, the resulting slip and fall, or the lawsuit. Plaintiff has alleged no fact to suggest that the non-diverse parties are alter egos of Costco.

Attached to Defendant's response is the Affidavit of Jim R. Smith, Sr. that states that he is the owner of the real property at 1150 Bunker Hill Road.[11]  Smith further states that Smithco, Jim R.

---

[11] See Doc. 14-3, Ex. C to Def.'s Resp. to Pl.'s Mot. to Am. Aff. of Jim R. Smith.

Smith, Jr., and Matt Strange have no interest in the real property.[12] Smith avers that he leases the real property to Costco pursuant to a Ground Lease that provides that Costco is responsible for the construction of the building and all other improvements on the property, as well as all repairs and maintenance to the building and improvements.[13]

Plaintiff argues that to the extent the court considers the Smith affidavit, she be allowed to take limited discovery on the control exerted by Smith over the property. The court declines this request. Plaintiff filed this action two days prior to the expiration of limitations and waited an additional six months before seeking the joinder of four jurisdiction-defeating parties. There has been no suggestion that the extant defendant - Costco - has denied that it was not in control of the premises on the day of the slip and fall or that Plaintiff's naming of Costco as the original defendant was a misnomer or misidentification of the responsible party. The proposed amendment appears to be solely directed at defeating the court's jurisdiction.

The court concludes that Rule 15(c) would not permit the proposed claims against the non-diverse parties to relate back to the filing of the original complaint. This amendment is futile based on the statute of limitations.

---

[12] See id. p. 2.

[13] See id. p. 3.

### III.   Conclusion

Based on the foregoing, Plaintiffs' Motion for Leave to Amend is **DENIED**.

**SIGNED** in Houston, Texas, this 15th day of May, 2020.

Nancy K. Johnson
United States Magistrate Judge